STARR vs. HASKINS and others.

1. Between the parties, the assignee of equities stands in the place of his assignor, with no better rights ; but, as to the claims of third parties, the purchaser of an equity stands unaffected by frauds of which he had no knowledge, express or constructive.

2. The bona fide assignee of a judgment is not affected in his right to enforce the judgment, by an agreement between the judgment debtor and a creditor of the debtor, that he will pay off the judgment if the creditor will accept a conveyance of his property and credit him therefor with a

certain amount upon his indebtedness, the assignee having no notice of such agreement.

3. Injunction modified so as to permit the assignee to proceed to make the money due on the judgment, after crediting an amount which had been paid thereon before the assignment.

On bill and answer. On motion to dissolve injunction.

*Messrs. Bergen* and *Bergen*, for the motion.

*Mr. S. H. Grey*, contra.

THE CHANCELLOR.

The bill states, that George Demuth was indebted to the firm of John F. Starr, Jr., & Co., and that Charles R. Haskins, who was indebted to Demuth, agreed with the complainant to convey to him five dwelling-houses and lots, owned by him, Haskins, in Camden, for the consideration of $4208.29, over and above the mortgages upon the premises, subject to which they were to be conveyed, which sum was to be credited on Demuth's indebtedness to John F. Starr, Jr., & Co.; that the premises were subject to the lien of a judgment recovered November 2d, 1871, by James McNutt, against Demuth and Haskins and Walter H. Fitton, for $1671.57, on which $800 had been paid; the balance due on which judgment Haskins agreed, with the complainant, to pay off.

The bill further states, that, in pursuance of the agreement, the premises were conveyed to the complainant, and the firm of John F. Starr, Jr., & Co. duly credited the account of Demuth on their books with the above mentioned sum of $4208.29; that, subsequently, Haskins, professing to act as agent for his sister, obtained an assignment of the judgment from McNutt to her, and afterwards, still professing to act as her agent, negotiated and effected an assignment from her to the defendant, Abel C. Tallman; that Tallman is proceeding to compel payment, by execution, of the judgment, out of three

of the houses and lots, the others having been released from the judgment, in consideration of the above mentioned $800, and that, notwithstanding that payment, he is seeking to make the full amount of the judgment, with interest and costs, out of that property. The bill charges, that the consideration of the assignment from McNutt was paid by Haskins, with his own money, and that his sister held the judgment after the assignment, merely as trustee for him, and that the assignment to Tallman was colorable only, and that he holds the judgment now in trust for Haskins.

The defendants have all answered. From the answers, it appears that the consideration of the assignment to Haskins' sister was her own money, and that the consideration of the assignment to Tallman was paid by the firm of E. G. Stones & Co., of Philadelphia, (of which he was a member, and in trust for whom he holds the judgment,) with their own property. Tallman denies all notice of the alleged agreement on the part of Haskins with the complainant. The statements of the bill as to the agreement, are verified by the affidavit of John F. Starr, Jr., and Demuth. Neither of them was present at the making of the agreement. Both speak entirely from hearsay. The agreement was made by John F. Starr, Sr., (the complainant,) and Haskins. Demuth's affidavit is appended to the answer filed by him and Haskins and Miss Haskins. It states that the agreement, as it was stated to him by John F. Starr, Sr., and Haskins, was not as stated in the bill, but was to the effect that John F. Starr, Jr., & Co. were to credit Demuth, not with the amount of the excess of the price agreed upon for the houses and lots, over and above the mortgages, but with the excess over and above the mortgages, and the amount due on the judgment, and that if Haskins should pay off the judgment, they were to credit Demuth with the amount so paid. He says, in substance, that it was his intention so to state the agreement, in his affidavit to the bill. It appears by his answer, that, in a statement of his affairs, made to his creditors after the conveyance, which statement is referred to in the bill, he stated the amount of

the credit given him by John F. Starr, Jr., & Co., on account of the conveyance, at $3539.16, (not $4208.29, as alleged by the complainant,) and also stated, in reference to a debt of $558.75, remaining due to him from Haskins, that it would probably be extinguished by a payment of $809, not credited by John F. Starr, Jr., & Co. on the McNutt judgment.

The existence of the agreement relied on by the complainants as a ground for relief, is denied, and it appears, to say the least of it, to be doubtful. But, admitting that such an agreement as is stated in the bill, was in fact made, Tallman is not bound by it. The charge of fraud made against him in the bill is not verified in any way, and he and Haskins and his sister wholly deny it. Tallman swears he had no notice of the agreement, and that he is a *bona fide* assignee of the judgment for value. As such assignee, without notice, he is not affected by the agreement. The *bona fide* assignee of a judgment is not affected by an equity, such as is set up in this case. Between the parties, the assignee of equities stands in the place of his assignor, with no better rights; but, as to the claims of third parties, the purchaser of an equity stands unaffected by frauds of which he had no knowledge, express or constructive. *Story on Bills*, § 220 ; *Freeman on Judg.*, § 428, and cases there cited. Tallman's answer does not deny the allegation of the bill, that he is proceeding to make the entire amount of the judgment.

The injunction will be modified, so as to permit him to proceed to make the money due on his judgment after giving due credit for the $800 paid upon it.